UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
EKO BRANDS, INC.,                  )
                                   )  Case No. C15-522RSL
            Plaintiff,             )
     v.                            )
                                   )  ORDER GRANTING IN PART
ADRIAN RIVERA MAYNEZ               )  PLAINTIFF'S MOTION FOR
ENTERPRISES, INC., and ADRIAN RIVERA, )  SUMMARY JUDGMENT
                                   )
            Defendants.            )
_____)

This matter comes before the Court on "Eko Brands' Motion for Summary Judgment." Dkt. # 47. Plaintiff seeks a determination that claims 5, 6, 8, 10, 18, 19, and 20 of U.S. Patent No. 8,720,320 ("the '320 patent) are invalid for failing to meet the written description requirement of 35 U.S.C. § 112, because they are anticipated by prior art under 35 U.S.C. § 102, and because they were obvious under 35 U.S.C. § 103. Plaintiff also seeks a declaration that its products do not infringe the '320 patent because they do not have "passageways" as that term was construed by the Court. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**A. INVALIDITY**

Plaintiff's requests for a declaration of invalidity based on the written description requirement and/or anticipation are not properly before the Court. Until it filed this motion for

---

[1] The issues that are properly before the Court can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

summary judgment, plaintiff's sole argument in favor of invalidating the '320 patent was based on 35 U.S.C. § 103. Neither the First Amended Complaint nor plaintiff's invalidity contentions mentioned § 112 or § 102, and the only facts alleged and arguments made involved obviousness under various references. Plaintiff argues that the failure to plead written description and anticipation as grounds for a finding of invalidity should not preclude consideration of those arguments because defendants have long known that the '320 patent was susceptible to attack on those grounds. The fact that defendants could imagine causes of action that plaintiff might have asserted against them – but did not -- is not dispositive. Plaintiff chose not to assert written description or anticipation in its complaint, did not put defendants on notice that they intended to pursue those grounds for invalidation, and allowed this case to proceed through discovery based on the claims that were actually asserted. A claim cannot be raised for the first time in a motion for summary judgment.

     The issue is whether plaintiff should be permitted to amend its complaint at this point in the proceeding. Because the deadline for amending pleadings has passed, plaintiff must establish good cause for a modification of the case management deadlines under Fed. R. Civ. P. 16(b)(4) and show that amendment is appropriate under Fed. R. Civ. P. 15(a). Prejudice – or the lack thereof – is simply one element that the Court must consider when determining whether amendment is appropriate. In the absence of a properly supported motion to amend that applies the correct analytical framework, the Court declines to consider the unpled invalidity claims.

     With regards to obviousness, plaintiff's motion rests entirely on a brief statement of law and Dr. Lars Howle's opinion that various claims of the '320 patent are obvious in light of specified combinations of prior art. Dkt. # 47 at 24-25. Defendants responded with their own expert's testimony, identifying specific elements of the claims that Mr. Phillips, as one skilled in the art, believes are not rendered obvious by the prior art cited by Dr. Howle. Plaintiff made no effort to respond to or criticize Mr. Phillips' analysis. Rather, plaintiff merely asserts its right to rely upon expert testimony to establish obviousness and again cites to Dr. Howle's report. The

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT      -2-

record therefore consists of little more than conflicting expert opinions regarding what one skilled in the art would have found to be obvious at the time the invention was made. While some of Mr. Phillips' explanations for why defendants' invention would not have been obvious are questionable, there are clearly disputed issues of fact regarding the scope and content of the prior art, how the prior art matches up against the claims, and the relevant knowledge of one skilled in the art. The Court declines to analyze these facts or to consider secondary considerations without input and guidance from the parties. See Crocs, Inc. v. Int'l Trade Comm'n, 598 F.3d 1294, 1308 (Fed. Cir. 2010) ("Obviousness is a question of law based on underlying factual inquiries including: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the prior art and the claimed invention; and (4) the extent of any objective indicia of non-obviousness.").

**B. INFRINGEMENT**

During the claim construction phase of this litigation, defendants urged a construction of the term "passageway" that was based primarily on its purpose, namely a "way through which the brewed beverage exits the container." Dkt. # 34 at 21. The Court found that this construction repeated the concept of flow out of the receptacle that was separately stated in the claim and failed to include concepts of narrowness, length, and connection that are part of the term "passageway." The term was construed as "a narrow space of some depth or length connecting one place to another. Dkt. # 42 at 12. The Court expressly stated that, "[t]o the extent ARM Enterprises' proposed construction would encompass a receptacle that had no bottom or that utilized a broad, thin mesh, it is rejected." Dkt. # 42 at 12.

Plaintiff's products utilize a broad, thin mesh or micro-punched steel filter to allow the brewed beverage to exit the receptacle. They do not, therefore, contain the claimed "passageway." Given the Court's construction of the term, this result should have be patently obvious and defendants should have withdrawn their infringement claims. Instead, defendants' expert creatively opines that the opening in which the mesh or punched steel filter is affixed is

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT         -3-

the claimed passageway because one dimension of the opening is narrow compared to the other, it has some depth or length, and it provides connection between the inside of the receptacle and the outside. Dkt. # 48-9 at ¶¶ 25-31. No reasonable person looking at the cut-out openings on the side of the plastic or steel Ekobrew devices would describe them as passageways. First, those openings are filled with a mesh or steel filter – any passage that occurs goes through the tiny holes in the filter, not through the cut-out itself. Mr. Phillips' preferred "passageway" is actually filled with an item that the Court has already determined is not a passageway. Even if the mesh or steel filters were removed and the openings in the sidewalls stood empty, there are myriad other words that a reasonable person would use to describe that feature (such as opening, gap, or hole) that would better represent its breadth and comparative size than would the word "passageway." Mr. Phillips may have used the concepts that define a passageway – namely narrowness, length, and connection – in his description of these openings, but that does not make them passageways and no reasonable person would so find.

Finally, the Court rejects defendants' doctrine of equivalents argument. Although the passageway claimed in the '320 patent performs the function of allowing brewed beverages to exit the receptacle, the term itself includes concepts of shape and size that are not subsumed by its function and cannot simply be ignored.

For all of the foregoing reasons, plaintiff's motion for summary judgment (Dkt. # 47) is GRANTED in part. Plaintiff is entitled to a declaration that its accused products do not infringe the '320 patent because they do not contain a "passageway." Plaintiff has not, however, shown that the '320 patent was obvious as a matter of law and has not properly pled invalidity on written description and/or anticipation grounds.

1    Dated this 17th day of August, 2016.

2                                  _____
                                   
3                                  Robert S. Lasnik
4                                  United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT           -5-