UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

---

EKO BRANDS, INC.,

               Plaintiff,

   v.

ADRIAN RIVERA MAYNEZ
ENTERPRISES, INC., and ADRIAN RIVERA,

               Defendants.

Case No. C15-522RSL

ORDER GRANTING MOTION TO
AMEND INFRINGEMENT
CONTENTIONS

---

This matter comes before the Court on plaintiff's "Motion for Leave to Amend Infringement Contentions." Dkt. # 152. Following the PTO's reconfiguration of claim 8 of the '855 patent and the Federal Circuit's invalidation of claims 5-7, 18, and 20 of the '320 patent, plaintiff seeks leave to amend its infringement contentions to (a) drop claims against a product that does not have the required "first and second outlet probe receptacles," (b) add claims against a product defendants introduced during this litigation, and (c) modify the claims to reflect recently-issued claim 9 of the '855 patent. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 150 at 2.

ORDER GRANTING MOTION TO
AMEND INFRINGEMENT CONTENTIONS

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown). Although the existence and degree of prejudice to the non-moving party may supply additional reasons to deny a motion, the focus of the inquiry is on the diligence of the moving party. If that party did not act diligently in moving to amend, there is no need to consider the question of prejudice. O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1368 (Fed. Cir. 2006); Johnson, 975 F.2d at 609. A similar analysis applies under Local Patent Rule 124.

The Court finds that plaintiff has been diligent, especially in light of defendants' failure to supplement their discovery responses when they began marketing a new product under the '320 patent. The PTO's amendment of claim 8 and issuance of claim 9 of the '855 patent required a reevaluation of the existing infringement contentions, and there is no indication that plaintiffs knew or should have known that defendants had introduced a new product any earlier than June 2017. Having propounded discovery that was directed at exactly that issue, plaintiff could reasonably expect that defendant would comply with their discovery obligations and notify plaintiff, via supplementation of its discovery responses, of any change in the products offered. Defendants failed to do so. The Court will not place upon plaintiff the burden of constantly reviewing defendants' product offerings in these circumstances.

Turning to the issue of prejudice, both parties agree that expert reports will have to be amended to address the revised infringement contentions, and defendants argue that additional expert testing will be necessary. A new case management schedule that allows a brief period for

discovery will be issued.

For all of the foregoing reasons, plaintiff's motion is GRANTED. Plaintiff shall file its amended infringement contentions within seven days of the date of this Order.

Dated this 24th day of October, 2017.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
AMEND INFRINGEMENT CONTENTIONS        -3-