UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____

EKO BRANDS, INC.,

              Plaintiff,

   v.

ADRIAN RIVERA MAYNEZ
ENTERPRISES, INC., and ADRIAN RIVERA,

              Defendants.
_____

Case No. C15-522RSL

ORDER DENYING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on "Adrian Rivera Maynez Enterprises, Inc. and Adrian Rivera's Motion for Summary Judgment." Dkt. # 76. Defendants seek a determination that claims 8, 9, 12-14 of U.S. Patent No. 8,707,855 ("the '855 patent) are invalid because they are anticipated by prior art under 35 U.S.C. § 102 and/or because they were obvious under 35 U.S.C. § 103. Defendants also seek a declaration that its products do not infringe the '855 patent because they do not satisfy the "fluidly isolated" or beverage brewing limitations of the asserted claims.

After this motion was fully briefed, the Court stayed the litigation while the United States Court of Appeals for the Federal Circuit and the United States Patent and Trademark Office ("PTO") considered many of the same issues that were then pending before the undersigned, in particular the validity of claims 8, 9, and 12-14 of the '855 patent. The PTO completed its reexamination, cancelling claims 9, 12, and 13 and amending claim 8 to incorporate the limitations of claim 9. Claim 14 was not reexamined. In ruling on this motion, the Court has

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

considered the memoranda, declarations, and exhibits submitted by the parties as well as the PTO's decision and the arguments presented in the Joint Status Report (Dkt. # 147). The parties' requests for oral argument (Dkt. # 76 at 1 and Dkt. # 85 at 1) and for permission to file supplemental memoranda regarding invalidity (Dkt. # 147 at 2 and 4) are denied.

**A. INVALIDITY**

Defendant requests a declaration of invalidity because the asserted claims of the '855 patent were anticipated by the '320 patent and/or are obvious in light of the '320 patent in combination with an application published at US 2013/0017303 ("Vu" or "the '303 application"). A claimed invention is "anticipated" under 35 U.S.C. § 102 when it is not new. "Invalidation on this ground requires that every element and limitation of the claim was previously described in a single prior art reference, either expressly or inherently, so as to place a person of ordinary skill in possession of the invention." Sanofi-Synthelabo v. Apotex, Inc., 550 F.3d 1075, 1082 (Fed. Cir. 2008). The Patent Act also withholds protection from an invention if "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). Because there is a presumption that patents are valid, the party asserting obviousness must show "by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so." Pfizer, Inc. v. Apotex, Inc., 480 F.3d 1348, 1361 (Fed. Cir. 2007). The clear and convincing standard applies to all attempts to overcome the presumption that a patent is valid. Microsoft Corp. v. i4i Ltd. P'ship, 564 U.S. 91, 97 (2011).

**1. Amended Claim 8**

Claim 8 of the '855 patent, as amended by the PTO, reads:

8. A beverage brewing device or use with a single serve beverage brewer having a brewing holster, an inlet probe for dispensing water, the inlet probe moveable between a non-brewing position and a brewing position, and an outlet probe

extending upwardly into the brewing holster for outleting a brewed beverage, the beverage brewing device comprising:

(a) a body removably receivable within a brewing holster of a single serve beverage brewer, the body having at least one substantially vertical sidewall, a top opening, and a bottom surface intersecting the at least one substantially vertical sidewall, wherein the at lest one substantially vertical sidewall and the bottom surface of the body define a brew chamber configured to contain a dry beverage medium;

(b) at least one outlet probe receptacle defined in the body and extending from the bottom surface of the body and into the brew chamber such that the at least one outlet probe receptacle is configured to receive an outlet probe of the single serve beverage brewer when the body is received within the brewing holster, wherein the at least one outlet probe receptacle is fluidly isolated from the brew chamber to prevent the outlet probe from penetrating the brew chamber, thereby preventing fluid from exiting the brew chamber through the outlet probe;

(c) a lid removably securable to the body, the lid engageable with the body to selectively enclose a top opening of the body;

(d) an inlet probe opening defined in the lid, the inlet probe opening configured to receive an inlet probe of the single serve beverage brewer in a brewing position for placing the inlet probe into fluid communication with the brew chamber; and

(e) at least one filter defined within the body, the at least one filter configured to retain the dry beverage medium within the brew chamber while allowing the brewed beverage to exit the brew chamber,

wherein the first and second outlet probe receptacles are defined in the body and extend from the bottom surface of the body into the brew chamber, and wherein the first and second outlet probe receptacles are positioned substantially 180° apart on the bottom surface of the body.

Dkt. # 146-1 at 20. Defendants raised their arguments regarding anticipation and the obviousness of claims 8 and 9 before the PTO. See Dkt. # 89 at 1. Although the PTO initially found that the

'320 patent anticipated claims 8 and 9 of the '855 patent (Dkt. # 89-1), it ultimately concluded that the prior art identified by defendants "does not disclose or suggest first and second outlet probe receptacles in combination with the other limitations of claims 8 and 9" (Dkt. # 141-1 at 18). The PTO revised the patent claims so that the limitations of dependent claim 9 were incorporated into independent claim 8. The parties disagree regarding the import of the PTO's decision on reexamination.

The amended claim 8 enjoys the normal presumption of validity that attaches to patents issued by the PTO. In addition, because the PTO specifically considered the arguments defendants have asserted here, the Court may defer to its expertise when making a decision on the patent's validity. See Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1350 (Fed. Cir. 2013). Guided by the PTO's analysis of claims 8 and 9 in relation to the prior art references, the Court finds that the prior art does not describe or make obvious a device with first and second outlet probe receptacles positioned substantially 180° apart on the bottom surface of the body. Defendants have not shown that amended claim 8 was anticipated or obvious.

**2. Claim 14**

Defendants argue that all of the dependent limitations of claim 14 of the '855 patent were anticipated by the '320 patent. Claim 14 includes all of the limitations of amended claim 8,[1] plus "a receptacle plug disposed within the lid, the receptacle plug defining the inlet probe opening." Defendants rely entirely on Dr. Lars Howle's infringement opinions to argue that the '320 patent describes the claimed receptacle plug. Dkt. # 76 at 22 (citing Dkt. # 78-7 at 55). Dr. Howle apparently believes that the indentation on the lid of the invention claimed in the '320 patent is the "receptacle plug" described in the '855 patent. At the very least, there is a factual issue on this point. The inventor of the '855 invention and the specification describe the "receptacle plug"

---

[1] Plaintiff points out that, because there are limitations of independent claim 8 that were not anticipated by the '320 patent, dependent claim 14 cannot be anticipated. See RCA Corp. v. Applied Digital Data Sys., Inc., 730 F.2d 1440, 1446 (Fed. Cir. 1984).

as a separate piece having elastic properties that is sealingly received by the indentation on the lid. Dkt. # 146-1 at 13 (col. 6, ll. 6-10). See also Dkt. # 146-1 at 5 (Fig. 2 showing a separate plug **92**). Defendants have not met their burden of showing that the '320 patent describes the "receptacle plug" claimed in claim 14.

**B. INFRINGEMENT**

**1. "Fluidly Isolated"**

Amended claim 8 requires "at least one outlet probe receptacle defined in the body and extending from the bottom surface of the body and into the brew chamber" configured to receive an outlet probe of the beverage brewer "wherein the at least one outlet probe receptacle is fluidly isolated from the brew chamber to prevent the outlet probe from penetrating the brew chamber, thereby preventing fluid from exiting the brew chamber through the outlet probe." Dkt. # 146-1 at 20. The Court was not asked to construe "fluidly isolated" at the Markman hearing. In the context of this motion, plaintiff argues that the plain, ordinary meaning of the phrase taken in context with the rest of the claim language governs, while defendants argue that if brewed beverage can reach the outlet probe during the brewing process, the probe is not "fluidly isolated."

Defendants have not shown that the outlet probe in all of their products is fluidly isolated as a matter of law. One of the accused products is pictured in Dr. Howle's report (Dkt. # 78-7 at 36) and arguably shows a probe receptacle extending from the bottom of the body of the invention that is configured to receive the outlet probe of the beverage brewer and to physically separate it from the outflow. It is undisputed that the outlet probe receptacle prevents the outlet probe from penetrating the brew chamber. In addition, Dr. Howle designed two tests which showed that brewed beverage does not exit the brew chamber through the outlet probe (Dkt. # 78-7 at 37 and 51), supporting his conclusion that defendants' products fluidly isolate the outlet probe from the brew chamber. Defendants' expert, Paul Philips, altered one of Dr. Howle's tests and found that some brewed material came in contact with the outlet probe, from

which defendants argue that the "fluidly isolated" limitation is not met. The fact that a bit of brewed beverage may have splashed on or into the outlet probe is not dispositive, however. The issue is whether the design of defendants' products isolates the outlet probe in such a way that it prevents the probe from penetrating the brew chamber and thereby prevents brewed beverage from flowing out of the chamber via the outlet probe. Defendants have, at most, shown that there is a dispute regarding this material fact.

**2. Limitations of the Preamble**

Defendants argue that the introductory paragraph of amended claim 8, which describes the type of single serve beverage brewer into which the invention is placed, limits the claims of the patent. Since its products do not include a brewer, defendants argue that they do not infringe. "[A] preamble generally is not limiting when the claim body describes a structurally complete invention such that deletion of the preamble phrase does not affect the structure or steps of the claimed invention." Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 809 (Fed. Cir. 2002). The general rule applies here. The preamble undoubtedly explains the intended use of the invention, but the inventor did not rely on the description of the beverage brewer to define the invention itself, which could be understood based solely on the written description in the claims. Nor is there any indication that plaintiff relied on the preamble to distinguish prior art. Defendants' products need not include a single server beverage brewer to infringe the '855 patent.

For all of the foregoing reasons, defendants' motion for summary judgment (Dkt. # 76) is DENIED.

Dated this 14th day of November, 2017.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge