UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
EKO BRANDS, INC., )
) Case No. C15-522RSL
Plaintiff, )
v. )
) FEE AWARD
ADRIAN RIVERA MAYNEZ )
ENTERPRISES, INC., and ADRIAN RIVERA, )
)
Defendants. )
_____)

On November 22, 2016, the Court found that defendants' pursuit of their infringement claims after the Court issued its <u>Markman</u> rulings was frivolous and unreasonable, that this conduct "st[ood] out from others with respect to the substantive strength of [defendants'] litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated" (<u>Octane Fitness, LLC v. ICON Health & Fitness, Inc.</u>, __ U.S. __, 134 S. Ct. 1749, 1756 (2014)), and that an award of fees was warranted under 35 U.S.C. § 285. The Court invited plaintiff to provide evidence regarding the reasonable attorney's fees it incurred between February 24, 2016, and August 17, 2016, in its efforts to obtain a declaration of non-infringement. Having reviewed the additional evidence provided as well as defendants' objections and plaintiff's reply, the Court finds as follows:

Plaintiff seeks an award of fees and expenses in the amount of $131,651.71, plus an additional $10,262.50 for fees incurred in seeking fees. Defendants object to the requested fee amount on the grounds that (1) counsel have failed to provide a copy of their fee agreement

FEE AWARD

and/or evidence that their client has paid their hourly rates, (2) Mr. Mann's hourly rate of $625 is unreasonable, (3) Mr. Lowe was not counsel of record when the fees he seeks to recover were incurred and his activities were duplicative, (4) plaintiff failed to apportion fees between infringement and invalidity issues, (5) expert witness fees are not recoverable, and (6) no fees for seeking fees should be awarded. The first three objections are overruled. Experienced patent litigators in Seattle charge rates equivalent to Mr. Mann's, proof of payment is only one method by which reasonableness can be ascertained, Mr. Lowe's participation in the lawsuit prior to his firm entering an appearance was not untoward, and his activities were not unduly duplicative.

Defendants' objection regarding the failure to allocate fees is well-taken, however. In its motion for an award of fees, plaintiff estimated that it had incurred $129,652.38 in fees and expert expenses related to two issues, namely (a) ARM's accusations of patent infringement and (b) plaintiff's efforts to invalidate the '320 patent. Dkt. # 105 at 9. The Court found that defendants' pursuit of their infringement claims after the Markman decision was unreasonable and awarded fees that were incurred by plaintiff when it was forced to obtain an affirmative declaration of non-infringement. Defendants' defense of the '320 patent was not found to be frivolous or otherwise unreasonable, however, and fees incurred in trying to prove its invalidity were not awarded. Despite the fact that fees were awarded on only one of the two issues raised in the motion, plaintiff has not reduced in any material way its initial fee request. Although plaintiff's billing records are not detailed enough to make a precise allocation, "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). Using estimates informed by the Court's overall sense of the relative weights that the two issues had in this lawsuit, the requested fees will be reduced by 50%.

In the absence of fraud on the Court or an abuse of the judicial process, an award of expert expenses is limited to the rather paltry sums available under 28 U.S.C. § 1821(b). See Universal Elecs., Inc. v. Universal Remote Control, Inc., 130 F. Supp.3d 1331, 1341 (C.D. Cal.

2015). A statutory amendment, as occurred in the civil rights context, could remedy the compensatory gap, but Congress has not undertaken the task. Nor is plaintiff's invocation of the Court's inherent powers persuasive. While the Court undoubtedly has the power to shift expenses in certain circumstances, plaintiff was awarded attorney's fees in this case under 35 U.S.C. § 285, which does not comprehend an award of expert fees.

Defendants' objections to an award of the fees incurred in filing the motion for attorney's fees and the supporting documentation is overruled. Such fees are recoverable and are directly related to defendants' unreasonable and frivolous pursuit of its infringement contentions.

For all of the foregoing reasons, plaintiff's motion for attorney's fees (Dkt. # 105) is GRANTED in part. Plaintiff is awarded, and defendants are jointly and severally liable for, $66,087.76 to compensate plaintiff for having to defend against a theory of infringement that was specifically rejected months before.

Dated this 2nd day of February, 2018.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge