UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
EKO BRANDS, INC.,                   )
                                    )    Case No. C15-522RSL
           Plaintiff,               )
    v.                              )
                                    )    ORDER GRANTING PLAINTIFF'S
ADRIAN RIVERA MAYNEZ                )    MOTION FOR CLARIFICATION
ENTERPRISES, INC., and ADRIAN RIVERA,)
                                    )
           Defendants.              )
_____)

This matter comes before the Court on plaintiff's "Motion for Clarification or Relief from Deadline." Dkt. # 171. On November 14, 2017, the Court denied defendants' request for a declaration that claim 8 of U.S. Patent No. 8,707,855 ("the '855 patent) is invalid because it is anticipated by prior art under 35 U.S.C. § 102. Defendants argued that claim 8 and claim 9 of the '855 patent were anticipated by defendants' U.S. Patent No. 8,720,320 ("the '320 patent). The same argument had been raised before the United States Patent and Trademark Office ("PTO") when defendants filed their request for reexamination of the '855 patent. Dkt. # 96 at 2. The PTO ultimately concluded that the prior art identified by defendants "does not disclose or suggest first and second outlet probe receptacles in combination with the other limitations of claims 8 and 9." Dkt. # 141-1 at 18. The PTO completed its reexamination, cancelling claims 9, 12, and 13 and amending claim 8 to incorporate the limitations of claim 9.[1]

---

[1] The Court's summary judgment order also addressed defendants' obviousness argument under 35 U.S.C. § 103, but it need not have. Obviousness was argued only as to claims 12 and 13 of the '855 patent. Dkt. # 76 at 3; Dkt. # 87 at 2. Plaintiff also points out that defendants' invalidity contentions

1    In ruling on defendants' motion for summary judgment, the Court was cognizant of the
2 PTO's expertise in evaluating whether prior art anticipates a claim and was guided by the PTO's
3 analysis regarding the exact same reference on which defendants' motion relied. The Court
4 considered the memoranda, declarations, and exhibits submitted by the parties as well as the
5 PTO's decision and the arguments presented in the parties' Joint Status Report (Dkt. # 147) and
6 found that the '320 patent does not describe a device with first and second outlet probe
7 receptacles positioned substantially 180° apart on the bottom surface of the body. Because
8 defendants had not shown that amended claim 8 was anticipated or obvious, the motion for
9 summary judgment was denied.

10    The parties do not agree regarding the import of that decision. Plaintiff argues that, by
11 denying the motion, the Court affirmatively found that claim 8 was not anticipated such that the
12 issue cannot be revisited at trial. Defendants maintain that a denial of summary judgment simply
13 indicates that defendants were not entitled to judgment as a matter of law and that the jury must
14 decide the issue of validity. The denial of a motion for summary judgment may mean different
15 things in different contexts. Where, for example, the denial is based on the existence of a
16 genuine dispute of material fact, the issue generally goes to the jury. Where, however, the
17 moving party cannot prevail on the issue as a matter of law, judgment for the non-moving party
18 may be appropriate.

19    The circumstances presented here fall into the latter category. In order to overcome the
20 presumption of validity that attached to amended claim 8, defendants had and still have the
21 burden of showing by clear and convincing evidence that every element and limitation of the
22 claim was previously described in the '320 patent, either expressly or inherently, such that a
23 person of ordinary skill would be in possession of the invention upon reviewing the '320 patent.

---

raise an obviousness defense only as to claim 12 of the '855 patent. Dkt. # 170-1 at 5. The PTO, however, considered obviousness in light of the '320 patent in combination with an application published at US 2013/0017303 ("Vu" or "the '303 application") when it allowed amended claim 8.

Sanofi-Synthelabo v. Apotex, Inc., 550 F.3d 1075, 1082 (Fed. Cir. 2008). Defendants were unable to make that showing, and the Court found as a matter of law that the '320 patent, with its circumferential bottom receptacle, does not describe a device with two receptacles positioned substantially 180° apart. Defendants did not move for reconsideration of that finding and offer no additional evidence or argument to rebut it. Because a limitation of amended claim 8 is missing, there can be no anticipation as a matter of law. Defendants will not be permitted to place before the jury an issue which has been finally resolved against them.

For all of the foregoing reasons, plaintiff's motion for clarification is GRANTED. Amended claim 8 is not anticipated by the '320 patent based on the evidence presented in this litigation.[2]

Dated this 2nd day of February, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] This determination does not, of course, preclude future determinations regarding the invalidity of claim 8 based on other records or references. "Courts do not find patents 'valid,' only that the patent challenger did not carry the 'burden of establishing invalidity in the *particular case* before the court." In re Swanson, 540 F.3d 1368, 1377 (Fed. Cir. 2008) (quoting Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1429 n.3 (Fed. Cir. 1988) (emphasis in original).