UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EKO BRANDS, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>ADRIAN RIVERA MAYNEZ ENTERPRISES, INC., and ADRIAN RIVERA, an individual,<br><br>        Defendants. | CASE NO. 2:15-cv-00522-JPD<br><br>ORDER ON OBVIOUSNESS REGARDING CLAIMS 5, 8, 18, AND 19 OF U.S. PATENT 8,720,320 |

The five-day jury trial of this matter concluded on Friday, June 8, 2018, with the jury reaching a unanimous verdict. Dkt. 242. One of plaintiff's contentions in this case was that claims 8 and 19 of defendants' U.S. Patent 8,720,320 ("Rivera 320 Patent") are invalid as obvious. *See* 35 U.S.C. § 103(a); *KSR Int'l Co. v. Teleflex, Inc. et al.,* 550 U.S. 398, 127 S.Ct. 1727, 1729, 167 L.Ed.2d 705 (2007) (a patent is invalid if the "differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art."). Prior to the trial, the question arose as to how the question of obviousness regarding claims 8 and 19 of the Rivera 320 Patent would be determined.

ORDER - 1

During the Final Pretrial Conference, the Court asked the parties if they would agree to the Court resolving the obviousness question at the conclusion of the trial without posing specific questions to the jury on this issue, as the ultimate judgment of obviousness is a legal determination to be made by the Court in any event. *See KSR International*, 550 U.S. at 427. Plaintiff agreed that because obviousness is ultimately an issue of law to be decided by the Court, it was unnecessary to submit the underlying factual questions to the jury and indeed, it would simplify matters and avoid potential juror confusion if the Court resolved the obviousness question. Dkt. 216. If defendants insisted that the jury resolve the factual questions relevant to the obviousness issue, however, plaintiff's position was that the jury must reach a unanimous verdict as to each factual finding.

By contrast, defendants insisted that the Court had no role to play with respect to the factual questions underlying the obviousness inquiry, while conceding that the ultimate issue of obviousness is an issue of law. However, defendants did not propose any factual questions to be submitted to the jury, and instead thought the Court should simply pose the ultimate legal question of whether the River 320 patent is invalid as obvious to the jury. When Court advised defendants that the ultimate legal question would not be posed to the jury, defendants argued that each element as to which obviousness was challenged would require the jury to make a unanimous factual finding.[1]

After hearing the positions argued by the parties, the Court directed the parties to confer and prepare a special verdict form, which highlighted the portions of the elements as to which there was disagreement on the issue of obviousness. After some tinkering, both parties expressed satisfaction with the form of the special verdict. The parties also agreed on the

---

[1] Defendants failed to submit any type of special verdict form consistent with their position.

ORDER - 2

definition of a person skilled in the art, and defendants confirmed that they had no evidence to present related to the "secondary considerations" regarding obviousness. No objections or exceptions were made by either party regarding the instructions to the jury on the factual questions regarding obviousness, or to the special verdict form. Similarly, no FRCP 50 motions were made relating to the issue of obviousness of Claims 8 and 19 of the Rivera 320 patent.

Evidence was presented to the jury on whether specific elements of Claims 8 and 19 were obvious. Because these were dependent claims, the jury was also asked for factual findings on Claims 5 and 18, upon which Claims 8 and 19 depend. The jury returned a unanimous verdict that all of the allegedly inventive features in Claims 5, 8, 18 and 19 would have been obvious to a person skilled in the art. Dkt. 242.

The Court finds that substantial evidence supports the jury's verdict, including the detailed testimony of plaintiff's expert witness Dr. Howle, who the Court found to be highly credible. By contrast, the Court considered the testimony of defendants' expert Mr. Philips, as well as ARM witnesses Mr. Rivera and Mr. Ditta, substantially less credible. The jury could reasonably afford the testimony of defendants' witnesses less weight, and adopt Dr. Howle's testimony as to the factual questions related to obviousness. Indeed, defendants conceded as much, based upon their declination to "fil[e] a brief on obviousness before the Court's anticipated judgment on Friday, June 15, 2018." Dkt. 245 at 1.

Accordingly, the Court declares as follows:

1. Claim 5 of U.S. Patent No. 8,720,320 ("Rivera 320 Patent") is invalid as obvious to a person of ordinary skill in the art in light of each of the following references:
    a. U.S. Patent No. 3,878,722 ("Nordskog 772")
    b. U.S. Patent No. 6,079,315 ("Beaulieu 315")

c. Admitted Prior Art in the Rivera 320 Patent.

2. Claim 18 of the Rivera 320 Patent is invalid as obvious to a person of ordinary skill in the art in light of each of the following references:

   a. Nordskog 772

   b. Beaulieu 315

   c. Admitted Prior Art in the Rivera 320 Patent.

3. Claims 8 and 19 of the Rivera 320 Patent are invalid as obvious to a person of ordinary skill in the art, in light of each of the following references:

   a. Nordskog 772 by itself, and in light of reason to combine it with Beaulieu 315 and the Admitted Prior Art disclosed in the Rivera 320 Patent.

4. Claims 8 and 19 of the Rivera 320 Patent are invalid as obvious to a person of ordinary skill in the art in light of U.S. Patent No 6,658,989 (Sweeney 989), and in light of the fact that one with ordinary skill in the art would have had reason to combine Sweeney 989 with Nordskog 772, Beaulieu 315, and the Prior Art disclosed in the Rivera 320 Patent.

The Clerk is directed to send a copy of this Order to counsel for both parties.

DATED this 14th day of June, 2018.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER - 4