UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EKO BRANDS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN RIVERA MAYNEZ ENTERPRISES, INC., and ADRIAN RIVERA, an individual,<br><br>Defendants. | CASE NO. C15-00522-JPD<br><br>ORDER ON MOTIONS TO ENFORCE PERMANENT INJUNCTION AND TO SET MONETARY DEPOSIT AMOUNT |

## I. INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on plaintiff's motion to enforce permanent injunction and for sanctions, Dkt. 274, and defendants' motion to set monetary deposit amount and to stay proceedings to enforce judgment. Dkt. 282. The Court, having considered the parties' briefing, including the authority cited therein, as well as the parties' oral argument on the motions on August 14, 2018, ORDERS as follows: plaintiff's motion to enforce permanent injunction and for sanctions, Dkt. 274, is DENIED; defendants' motion to set monetary deposit amount and to stay proceedings to enforce judgment is GRANTED IN PART and DENIED IN PART.

ORDER - 1

## II. DISCUSSION

### A. Plaintiff's Motion to Enforce Permanent Injunction and for Sanctions

As the parties are familiar with the history of the case, it is unnecessary to recount them here. Relevant to the instant motion, the Court issued a permanent injunction on July 13, 2018, which prohibited defendants "from advertising, offering for sale, selling, importing, and/or distributing any reusable coffee filters which infringe U.S. Patent No. 8,707,855 ("DeMiglio '855 patent")." Dkt. 272 at 1. In addition, "[w]ithin thirty (30) days, ARM is ordered to contact its wholesale customers or distributors to advise them of his permanent injunction and engage in their best efforts to immediately retrieve any of their remaining inventory of the Infringing Products. ARM will also advise these customers or distributors to take down any advertising of the Infringing Products immediately, including without limitation, any internet advertising." Dkt. 272 at 2.

Plaintiff alleges that ARM initially failed to comply with the Court's injunction, and continued to advertise, sell and distribute the infringing products on its own Amazon page. Only after Eko wrote to Amazon directly, advising the company of the injunction and asking that Amazon cease further sales and advertising of the infringing products, was ARM's Amazon sales page removed. Dkt. 274 at 2. Plaintiff argues that ARM is still advertising, offering, and selling the infringing products on its own website. *Id.*

ARM responded that it had, in fact, taken considerable steps to comply with the injunction, including (1) quarantining product with dual outlet probe receptacles; (2) retrofitting products having dual outlet probe receptacles with a permanent plug so that they subsequently have a single outlet probe receptacle; (3) receiving new product with a single outlet probe receptacle – which was ordered before the beginning of trial; (4) recalling inventory from Amazon.com; and (5) switching ARM's Amazon.com listing to be fulfilled by

ORDER - 2

ARM, so that ARM could ensure that product with a single outlet probe receptacle is shipped. Dkt. 279 at 1. ARM alleges that the advertisement for the Eco-Fill Deluxe 2.0 and Eco-Flow products identified by plaintiff do not "show a problem with dual outlet probe receptacles," and "these advertisements accurately reflect the retrofitted and new Eco-Fill Deluxe 2.0 and Eco-Flow products that have a single outlet probe receptacle." *Id.* at 2.

Plaintiff's reply asserts that ARM's "retrofitted" product continues to violate the injunction, because ARM did not retrofit the infringing products with a permanent plug but instead added a removable plug obviously intended for customers to remove and that does not avoid infringement. Dkt. 285 at 2. Eko further points out that infringing products continue to be sold, shipped, and otherwise fulfilled by Amazon weeks after the injunction, and ARM's advertising and marketing does continue to show two outlet probe receptacles 180 degrees apart. *Id.* Although plaintiff agrees that a cartridge having only one outlet probe receptacle does not infringe Claim 8 of the '855 patent, plaintiff asserts that ARM's retrofitted product does not have only a single outlet probe receptacle. Instead, ARM continues to sell infringing product with a removable plug that is noticeably different from the filter. *Id.* at 4. Plaintiff alleges that placement of a plug in one of the dual outlet probe receptacles does not change the fact that the cartridge still has dual outlet probe receptacles and therefore continues to infringe the '855 patent, and ARM chose to use a "bright, highly distinctive blue plug that is easily removable by customers without altering or destroying the products." *Id.*

In support of its contention that the plug is easily removable, plaintiff has supplied declarations from two individuals, Jill Jasper of Idaho and Sarah Hagestedt of Oregon, who each purchased an Eco-Flow from ARM on July 20, 2018 and removed the plug from the product, took pictures, and submitted the pictures and declarations to Eko. *See* Dkt. 287 (Hagestedt Decl.) ("I thought that [the plug] was not supposed to be part of the filter, especially

ORDER - 3

because of the distinctive blue color . . . I was able to easily pry out the plug without much trouble"); Dkt. 288 (Jasper Decl.) ("I thought [the plug] was not supposed to be part of the filter because of the distinctive blue color . . . I was able to easily pry out the plug, as shown in the photographs..."). When the Court examined Ms. Jasper and Ms. Hagestedt's coffee filters and removed plugs during oral argument, they did not display any significant damage from the removal process. However, neither individual described what tools or method they used to remove the plugs, and Eko's counsel was unable to provide any further details to the Court regarding how this was accomplished.

ARM asserts that it is not advertising a product with dual outlet probe receptacles in violation of the injunction, as none of ARM's pictures of a product show dual outlet probe receptacles without "extrapolate[ing] that based on a combination of pictures there must be dual outlet probe receptacles." Dkt. 291 at 6. With respect to Eko's two post-injunction purchases of the infringing product from Amazon.com, ARM argues that neither of these purchases show violation of the injunction by ARM.[1] With respect to the "retrofitted" infringing products, ARM asserts that with the plug in place the product no longer infringes the '855 patent because it has only a single outlet probe receptacle. ARM asserts that plaintiff is misrepresenting the characteristics of the plug by prying it apart from the beverage capsule and re-inserting it to argue the plug is "easily removable." ARM asserts that the plug is glued in place with a permanent adhesive, and removing it can take over 12 pounds of force, which "damages both the plug and the capsule." Dkt. 291 at 2-3. *See also* Dkt. 282 (Rivera Decl.) at

---

[1] Specifically, the third party sale was already accounted for in the jury's' verdict, and the second sale was an instance where Amazon.com was acting as a retailer (and had previously purchased the infringing product from ARM) rather than as a merchant for ARM. Dkt. 291 at 4. ARM asserts that it has already recalled all of its infringing product from Amazon.com that is within its control, *i.e.*, product that would be sold by ARM as the merchant. *See* Dkt. 293 (Ditta Decl.) at ¶ 10.

ORDER - 4

¶¶ 6-7 (showing testing of the plugs). The reason the plug is a different color than the rest of the capsule, Mr. Rivera claims, is due to "material availability." *Id.* at ¶ 8.

Finally, during oral argument ARM showed the Court its new, modified product that contains a single outlet probe receptacle, with no infringing second receptacle or plug. Eko agreed that this new product complies with the injunction and does not infringe the '855 patent. ARM asserts that the retrofitted infringing product was only a "stop gap" measure, used for a short period of time until ARM's new product arrived from China. ARM is no longer selling the retrofitted product with the plug, and is only selling the new non-infringing product.

The Court has considered the parties' briefing, as well as their arguments during the August 14, 2018 hearing on the motion, Dkt. 301, and concludes that plaintiff's motion for contempt must be DENIED. Dkt. 274. Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). "The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or *de minimis*, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).

In *Tivo Inc. v. Echostar Corp.*, 646 F.3d 869 (Fed. Cir. 2011), the Federal Circuit provided a framework to determine if a finding of contempt is appropriate where an injunction has been issued against an infringer: "The party seeking to enforce the injunction must prove both that the newly accused product is not more than colorably different from the product

ORDER - 5

found to infringe and that the newly accused product actually infringes." *Tivo*, 646 F.3d at 882. "Specifically, one should focus on those elements of the adjudged infringing products that the patentee previously contended, and proved, satisfy specific limitations of the asserted claims. Where one or more of those elements previously found to infringe has been modified, or removed, the court must make an inquiry into whether that modification is significant." *Id.* See also *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378 (Fed. Cir. 2012) (finding willful infringement where defendant started with direct copy and made only trivial changes); *Coleman Co. v. Holly Mfg. Co.*, 269 F.2d 660, 663-664 (9th Cir. 1959) (accused device identical to adjudged device except for addition of an ineffectual small piece of metal).

Here, the Court finds that Eko has not established by clear and convincing evidence that ARM's retrofitted product, with the plug in the second outlet probe receptacle, is "not more than colorably different from the product found to infringe." An inspection of the retrofitted product shows that the plug is affixed to the beverage capsule, and more than a fingernail would be required to remove it. Visual inspection of the base of the capsule show that, with the plug in place, there appears to be only one functioning outlet probe receptacle. Although Eko has provided evidence that two individuals were able to remove the plug, it did not provide any further information about how this was accomplished, such as what kind of tools or force were used. The record before the Court is not sufficiently definite to determine how simple it would be to remove the plug, and in the absence of such evidence, the Court is not in a position to find that the plug is "easily removable," as Eko claims. The stark difference in the color between the beverage capsule and the plug suggests removability, which is part of the basis for plaintiff's motion. Although Mr. Rivera's assertion that the plug is a different color than the rest of the filter because he could not source matching purple plastic strains credulity, to say the least, the color of the plug alone is not a sufficient basis for the

ORDER - 6

Court to find that the retrofitted product is not the result of an attempt by ARM to comply with the injunction by removing the second outlet probe receptacle.

The Court emphasizes, however, that by finding that the evidence provided by Eko in support of the instant motion for contempt has not met the high bar of establishing, by clear and convincing evidence, that ARM violated the injunction, the Court is not condoning any future use of the retrofitted product by ARM. ARM has represented that it is no longer selling the beverage capsules with a plug, and that it will keep the beverage capsules with dual outlet probe receptacles in quarantine pending the appeal of this matter and will not sell them prior to a decision on appeal. Accordingly, the Court need not decide at this time whether the use of a plug to block one of the receptacles (and the related issue of just how secure the plugs are) is colorably different from the enjoined products. That can be addressed after the Court of Appeals hears and decides the appeal. The retrofitted product will remain quarantined pending that decision. Accordingly, Eko's motion for contempt, Dkt. 274, is DENIED.

As the Court advised the parties during the hearing, the Court does find that ARM's advertisements continue to show a series of pictures of its product which, taken together, display the dual outlet probe receptacles of the infringing products, contrary to the injunction. As a result, ARM is ORDERED to update all advertisements to ensure that only a single outlet probe receptacle is displayed. The best way to ensure that ARM is not held in contempt for continued violation of the injunction with respect to its advertising is to use photographs of ARM's new product in its advertisements.

B. <u>Defendant's Motion to Set Monetary Deposit Amount and to Stay Proceedings</u>

ARM moves the Court for an order setting the monetary deposit amount at $390,436.52, and for an order to stay proceedings to collect upon the monetary provisions of the Court's July 13, 2018 judgment. Dkt. 282 at 8. Eko agrees "that the figure of $390,436.52

ORDER - 7

calculated by ARM is reflective of the awarded amounts and applied interest rate." Dkt. 289 at 1. However, Eko argues that the Court should exercise its discretion to set the deposit amount to be paid by ARM at no less than $500,000 to cover attorney's fees and costs to prosecute this case through appeal. *Id.* at 2.

ARM's motion, Dkt. 282, is GRANTED IN PART and DENIED IN PART. The Court finds that a bond amount of **$440,000.00** is the appropriate amount to secure a stay of proceedings to enforce the monetary provisions of the Court's July 13, 2018 judgment. The Court hereby GRANTS ARM's request to stay execution of the monetary provisions of the judgment pending resolution of the appeal in this case, effective upon ARM's posting of this bond within **ten (10) days of this Order.** *See* Fed. R. Civ. P. 62(a) (automatic stay of the money judgment upon posting of an approved bond).

The Clerk is directed to send a copy of this Order to counsel for both parties.

DATED this 16th day of August, 2018.

JAMES P. DONOHUE
United States Magistrate Judge

ORDER - 8