1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9   EKO BRANDS, LLC,                              CASE NO.  2:15-cv-00522-JPD

                        Plaintiff,
10

11        v.                                      ORDER DENYING MOTION TO
                                                  MODIFY INJUNCTION
12  ADRIAN RIVERA MAYNEZ
    ENTERPRISES, INC., and ADRIAN
13  RIVERA, an individual,

14                      Defendants.

15        This matter comes before the Court on the motion of defendants Adrian Rivera Maynez

16  Enterprises, Inc. and Adrian Rivera ("ARM") for clarification of the permanent injunction

17  entered by the Court on July 13, 2018, Dkt. 313, which the Court construes as a motion to

18  modify.  Plaintiff Eko Brands, LLC ("Eko") opposes the motion.  Dkt. 317.  As set forth

19  below, the Court DENIES ARM's motion to modify the permanent injunction.  Dkt. 313.

20        On July 13, 2018, this Court entered a permanent injunction prohibiting ARM from, *inter*

21  *alia*, "advertising, offering for sale, selling, importing, and/or distributing any reusable coffee

22  filters which infringe U.S. Patent No. 8,707,855 ('DeMiglio '855 Patent'). This injunction includes

23  but is not limited to ARM's 'Eco-Fill Deluxe,' 'Eco-Fill Deluxe 2.0,' 'Eco-Flow v 1', and 'Eco-

24  Flow v2' (collectively 'Infringing Products')."  Dkt. 272.  At the time the injunction was entered,

ARM was selling a design that had two outlet probe receptacles which had been found to infringe the '855 Patent. After the injunction was issued, ARM sold a retrofitted product with a plug in one of the outlet probe receptacles, and a new version of the products which had been redesigned to have a single outlet probe receptacle. ARM assigned its retrofitted and redesigned products the same Amazon Standard Identification Number ("ASIN") as the prior infringing products with the dual outlet probe receptacles. An ASIN is similar to a Universal Product Code ("UPC"), in that it is a unique block of 10 letters and/or numbers that identify products on the Amazon platform.[1]

After Eko ascertained that ARM's advertisements on Amazon showed infringing products with dual outlet probe receptacles even after the injunction had been issued, Steve Edminston, on behalf of plaintiff, corresponded with Amazon to inform the company of the July 13, 2018 permanent injunction. Dkt. 318-1 (Edmiston letter). Following Mr. Edmiston's July 18, 2018 letter, Amazon removed ARM's listings containing the ASIN numbers of the infringing products without regard to whether the products were the original, retrofitted, or redesigned products. After discovering that several of ARM's non-infringing products were removed from Amazon, ARM's counsel contacted Amazon on several occasions in an attempt to clarify that Amazon need not remove ARM's products from the website because ARM had already retracted its Amazon-held inventory of the dual receptacle design, and ARM would only fulfill its new Amazon orders with non-infringing redesigned products. Nevertheless, Amazon has delisted numerous ARM filters, including some which were not accused of infringement and were not subject to the injunction. Thus, ARM asks the Court to modify the existing injunction to inform Amazon that ARM may, in fact, sell its redesigned product under existing ASINS without running afoul of the injunction.

---

[1] ARM asserts that once a product has an established ASIN and consumers are familiar with it, it is vitally important that the ASIN not change unnecessarily or else it could derail sales because customers can search for products on Amazon by ASIN number.

Eko's position is that any confusion between ARM and Amazon is solely ARM's responsibility, and directly results from ARM's decision to use the same ASIN for the original, retrofitted, and redesigned products. Eko believes that ARM should be selling the redesigned product under a new ASIN to prevent confusion and avoid passing off newly designed product as the same products that were found to infringe and permanently enjoined by the Court. Regardless, however, Eko argues that whatever problem ARM is currently having with Amazon, via the ASIN number, is ultimately a disagreement between ARM and Amazon and does not require any action by this Court or modification of the permanent injunction.

The Court agrees. It is undisputed that the injunction only prohibits sales of products that infringe the '855 patent, and does not specifically require defendants to change the names of their products or the ASINs associated with their products. ARM's current plight was created by its own decision to use the same ASIN numbers, therefore rendering it very difficult for Amazon to ensure that infringing products are not being sold in place of the retrofitted or redesigned products. Although the Court strongly disapproves of Eko's (apparently intentional) failure to clarify in the Edmiston letter that ARM was selling both infringing and non-infringing products with the same ASIN number, it was ARM's responsibility – and not Eko's – to promptly communicate with Amazon and ensure that its online sales were complying with the terms of the injunction. Moreover, ARM – and not Eko or this Court – are in the best position to manage ARM's contractual relationships with Amazon as well as its use of ASINS.

The Court has not entered any order preventing ARM from selling its redesigned products with the existing ASIN number. It is not the role of this Court to manage or otherwise interfere with ARM's relationship with Amazon, so long as ARM is abiding by this Court's orders. Especially in light of the fact that this case is currently on appeal to the Federal Circuit, Dkt. 302, the Court declines ARM's invitation to modify the permanent injunction. Defendants' motion, Dkt. 313, is therefore DENIED.

The Clerk is directed to send a copy of this Order to counsel for both parties.

DATED this 17th day of October, 2018.

_James P. Donohue_

JAMES P. DONOHUE
United States Magistrate Judge